UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
IN RE:

MIRENA IUD PRODUCTS LIABILITY LITIGATION

*This Document Relates To All Actions*
-----------------------------------------------------------------------x

**ORDER NO. 2**

13-MD-2434 (CS)

Seibel, J.

      The Court has received a letter dated April 30, 2013 from Diogenes P. Kekatos of Seeger

Weiss LLP (attached hereto as "Exhibit A"), written "on behalf of the organizing Plaintiffs,"

requesting that the Court, in advance of the May 17, 2013 conference, appoint Mr. Kekatos as

Liaison Counsel, and appoint the following attorneys as Co-Lead Counsel:  Fred Thompson of

Motley Rice LLC, James R. Ronca of Anapol Schwartz, and Matthew McCauley of Parker

Waichman LLP.  Mr. Kekatos requests immediate appointment "so as to allow us to use the

intervening two weeks to negotiate substantively with Defendants on the issues that the Court

has directed."

      The Court will consider Mr. Kekatos's proposal upon receipt of the following additional

information:

- Whether the "organizing Plaintiffs" include all known Plaintiffs (or their counsel), and if

  not, on behalf of which of the Plaintiffs Mr. Kekatos's proposal is presented, and whether

  other Plaintiffs (or their counsel) have objected to this proposal or wish to make

  alternative proposals;

- If the proposal does not represent a consensus of all Plaintiffs' counsel, an explanation as

  to why three recommendations for each position were not made, (*see* Order No. 1 (Doc.

  8), § VII.D);

- An explanation as to why three Co-Lead Counsels are proposed,[1] what the proposed division of responsibility and authority among the three would be, why a Plaintiffs' Steering Committee and Plaintiffs' Executive Committee would also be necessary, and what their roles would be;

- Certificates of good standing from the courts where the proposed Liaison and Co-Lead Counsels are admitted to practice, (*see* Order No. 1, § VII.D); and

- A description of the proposed compensation arrangements as to Liaison and Co-Lead Counsels, and the extent to which remaining Plaintiffs' counsel have concurred in or consented to such arrangements.

**SO ORDERED.**

Dated: May 3, 2013
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.

---

[1] *See* Manual for Complex Litigation, Fourth Edition, § 10.221 ("The function of lead counsel may be divided among several attorneys, but the number should not be so large as to defeat the purpose of making such appointments.").

# EXHIBIT A

# SEEGERWEISS LLP

77 Water Street, New York, NY 10005    P 212.584.0700    F 212.584.0799    www.seegerweiss.com

April 30, 2013

Honorable Cathy Seibel
United States District Judge
Southern District of New York
Hon. Charles L. Brieant Jr. Federal
    Building and United States Courthouse
300 Quarropas Street
White Plains, NY  10601-4150

In re:   **Mirena IUD Products Liability Litigation**
       **No.  13-MD-2434 (CS)**
       *This Document Relates to All Actions*

Dear Judge Seibel:

      I am writing on behalf of the organizing Plaintiffs.  In accordance with the Court's Order No. 1, we have reached out to all known Plaintiffs' counsel and invited them into dialogue relating to organizational matters, in order to comply with the Court's requirement of providing certain information, to facilitate meet-and-confer discussions with Defendants' counsel, and to submit proposals for leadership and liaison positions.  We are pleased to advise the Court that we have had cordial and collegial meetings among our fellow Plaintiffs' attorneys, having called face-to-face meetings in two locations, having created a list-serve, and having had many group telephone calls, with respect to which all known interested persons have been included in our discussions. In addition, we are pleased to report that we have had a series of meet-and-confers with Defendants' counsel that have been productive in meeting the Court's directive.

      At the same time, however, we are writing the Court because many of the "nuts-and-bolts" issues that that the Plaintiffs' side needs to take up with Defendants—relating to agreements on discovery and pre-trial issues, as well as administrative issues—can  be undertaken on a binding basis only after the Court appoints a leadership group and confers upon it the authority to act.

      In this respect, in order that these matters not lie dormant until the May 17th status conference, we are writing to request that the Court consider reviewing the proposed leadership that we have achieved by our own efforts.  If it is satisfactory to the Court, we ask that it consider

New York          Newark          Philadelphia          Los Angeles

Honorable Cathy Seibel
April 30, 2013
**In re Mirena IUD Product Liability Litigation**
No.  **13-MD-2434 (CS)**
Page 2

making an order of appointment immediately so as to allow us to use the intervening two weeks
to negotiate substantively with Defendants on the issues that the Court has directed.

Our proposed slate of Co-Lead and Liaison Counsel is as follows:

Fred Thompson, Motley Rice LLC — Co-Lead Counsel
James R. Ronca, Anapol Schwartz — Co-Lead Counsel
Matthew McCauley, Parker Waichman LLP — Co-Lead Counsel
Diogenes P. Kekatos, Seeger Weiss LLP — Liaison Counsel

Biographical information for the members of the proposed leadership is enclosed.  We believe
that a Plaintiffs' Steering Committee will be useful in the prosecution of this multidistrict
litigation, and will likely propose that the day-to-day activities be closely managed by an
Executive Committee as well.

Defendants' counsel are copied on this letter.  While we certainly do not purport to speak
for them, we do think that it would be accurate to state that that during our meet-and-confers
with them, counsel for Defendants were eager to address pre-trial issues with the Plaintiffs' side
substantively and quickly.

If the Court has questions or concerns, we stand ready to address them.  The undersigned
will be away for religious observances from this Wednesday, May 1st through next Monday,
May 6th, but my partner Christopher A. Seeger will be available in the event that the Court
requires immediate attention to any matter from us or wishes to convene a telephonic conference
concerning any of the matters raised in this letter.

We thank the Court for its attention to this matter and consideration of this request.

Respectfully,

Diogenes P. Kekatos
Proposed Plaintiffs' Liaison Counsel[1]

---

[1] Seeger Weiss is counsel of record for the plaintiff in three actions filed in the District of New
Jersey – *Watson v. Bayer Corp.*, No. 2:13-01595-SDW (D.N.J.); *Wilson v. Bayer Corp.*, No.
2:13-01596-SDW (D.N.J.); and *Torres v. Bayer Corp.*, No. 2:13-02249-KM (D.N.J.) – that the
Judicial Panel on Multidistrict Litigation ordered transferred to this Court in its Conditional
Transfer Order No.1 issued on April 16, 2013, but which this Court has not yet opened and
assigned docket numbers.

Honorable Cathy Seibel
April 30, 2013
**In re Mirena IUD Product Liability Litigation**
No.  **13-MD-2434 (CS)**
Page 3


**Enclosure**

cc:     Counsel of Record (via e-mail only)
         James Shepherd, Esq. (shepherd@shb.com)
         Marie Woodbury, Esq. (mwoodbury@shb.com)
         Shayna Cook (scook@goldmanismail.com)

**Fred Thompson, Motley Rice LLC**

Fred Thompson is proposed as Co-Lead Counsel. Mr. Thompson graduated *cum laude* from Yale University in 1973.  After serving as a gunnery assistant and anti-submarine warfare officer as a lieutenant junior grade in the U.S. Navy from 1973-76, he attended law school and graduated with distinction from Duke University School of Law in 1979.  He was elected to the Order of the Coif and served on the Editorial Board of the Duke Law Journal.

Mr. Thompson has been a member of the Bar of the South Carolina Supreme Court since 1979, practicing continuously for 32 years.  He is a member of the United States District Court for South Carolina; the Fourth and Second Circuit Courts of Appeals, and the United States Supreme Court.  He has been admitted *pro hac vice* to numerous state and federal fora and has never been denied admission or suffered discipline or sanctions by any sitting court.  He carries an AV rating from Martindale Hubbell.

Mr. Thompson is a Member of Motley Rice LLC and is the Leader of the firm's Medical Practice Group, managing all cases related to medical devices, pharmaceutical drugs, medical negligence, and nursing home cases.  He has maintained an active trial practice in the drug and device arena.  His work has led to his appointment to numerous leadership positions, including Plaintiffs' co-lead counsel in the federal Digitek® consolidation which resulted in a settlement for the Plaintiffs.  He serves as Co-Lead Coordinating Counsel for all five pelvic mesh MDLs consolidated in the U.S. District Court for the Southern District of West Virginia.  He has also been appointed to the Plaintiffs' Steering Committees in the Medtronic Sprint Fidelis® defibrillator lead, Avandia®, Fosamax® Femur, Trasylol®, Zicam®, and Hydroxycut® federal multidistrict litigation.  He has participated as a speaker and panelist at numerous legal gatherings.

With its main office in Mt. Pleasant, South Carolina, and offices in Providence, Rhode Island; Hartford, Connecticut; Morgantown, West Virginia; Los Angeles, California, New York City, New York; and Washington, D.C., Motley Rice has a nationally based plaintiffs' practice and the firm has vast experience litigating complex cases nationally.  Motley Rice began representing workers injured by the asbestos industry in the 1970s and has been a leader at the forefront of the litigation.  The lawyers of Motley Rice participated in the tobacco litigation by representing various states' attorneys general and were preeminent players in achieving that national settlement.  The firm has also been in the forefront of litigation on behalf of 9/11 families and terrorism cases, aviation cases, lead paint and many other complex mass injury, commercial, and environmental cases. Several Motley Rice members serve as co-lead counsel and liaison counsel in numerous litigations, including the Kugel Mesh MDL and the Human Tissue MDL, and they have current PSC positions on the Depuy Orthopaedics, Inc. ASR Hip Implant MDL, and the NuvaRing Products Liability Litigation MDL. Most recently, Joseph Rice and a team of Motley Rice members and attorneys were appointed to the BP Oil Spill MDL, MDL 2179, and served as senior negotiators in fashioning the settlement just announced of the outstanding private claims arising from the April 20, 2010 oil spill, a settlement involving many thousands of claims and creating a settlement fund of in excess of seven billion dollars. Thus, the firm has an outstanding record of achieving complex settlements of mass injury consolidations, and will provide outstanding

resources, experience, and an accomplished track record of dealing with many claimants, co-counsel, and adversaries, to achieve fair and efficient resolution of the Mirena litigation.

**Matthew McCauley, Parker Waichman LLP**

Matthew McCauley is proposed as Co-Lead Counsel. He is Senior Litigation Counsel at Parker Waichman and a resident of Westchester County. At Parker Waichman he leads the firm's Mirena IUD Litigation team and initiated, filed and argued the JPML request for coordination of these matters before this Honorable Court. Matthew has been involved with the Mirena IUD litigation for over two years, having strategically litigated with the Fred Thompson on many of his firm's cases in State and Federal Court and has worked cooperatively and collegially with the defendants and their counsel.

In addition to organizing and managing the Mirena IUD cases at Parker Waichman, Matthew has played a vital role with the other members of this consensus suggested leadership slate in the organization of plaintiffs' counsel across the Country who will be litigating these cases before your Honor. His early recognition of the need to pool resources and develop a foundation and support for the Mirena IUD litigation includes the creation of a listserve to share information and overseeing the Mirena Joint Prosecution Fund (held at Parker Waichman) that has been established by all members of this leadership application and other members of the plaintiffs' team to support this litigation. He is called upon regularly by his peers for litigation related advice; was selected as co-chair of the American Association for Justice (AAJ) Mirena IUD litigation group; and has been invited to lecture across the nation on topics associated with this litigation at events in which other presenters include Kenneth Star, Kenneth Feinberg, Professor Francis McGovern and Arthur Miller.

Matthew comes to this litigation with excellent leadership credentials and extensive experience in complex pharmaceutical matters. He has played leading roles in prosecuting cases in litigations involving Actos, Fosamax, Levaquin and Yaz. In these matters he has held various leadership positions including a Plaintiffs' Steering Committee (PSC) appointment in Levaquin as well as roles in the science, discovery and trial committee/teams in the others. In addition, as defense counsel prior to joining Parker Waichman, Matthew represented pharmaceutical and medical device companies and is intimately familiar with the organization and production issues that arise.

He has significant experience with large scale document and electronically stored information (ESI) productions on both sides of the field, and most recently was one of the team members of the Actos MDL ESI Team that introduced predictive coding protocols into mass tort litigations, a subject we hope this Honorable Court will entertain. This recent predictive coding protocol that was adopted and Ordered by Judge Rebecca F. Doherty from the United State District Court Western District of Louisiana has been the topic of many recent Court Orders across the Country as well as New York Law Journal articles and discussions. In addition to his experience with complex litigation and mass tort matters, Matthew was a law clerk in the United States Court of Appeals for the Second Circuit.

Matthew's leadership abilities are exemplified in both his legal career and beyond the practice of law. In the litigations mentioned above he has continuously been put into positions of leadership and responsibility for his clients, and those that have worked alongside him or under his direction would say he gets the job done with the team he is on. Beyond the practice of law, Matthew's leadership abilities have shined in his prior career as a New York City Police Officer and as a Paramedic now for almost 25 years. A first responder himself at the September 11th rescue and recovery effort, Matthew has been given distinction for his representation of those first responders injured during the rescue and recovery effort,

including the Advocate of the Year award from the FealGood Foundation in 2012.  Of note, while a New York City Police Officer and attending law school at night, he was chosen for an internship with the United States Attorney's Office for the Southern District of New York and assigned to work with Patrick Fitzgerald, Kenneth Karas and Michael Garcia.

As with the other attorney members of this consensus suggested leadership slate, Matthew has conferred with numerous attorneys representing Mirena IUD clients and expressed his intention to seek a co-lead counsel position with Fred Thompson and James Ronca, to which there has been broad support and no objections.  As an officer of the court, and as a member of the New York, Massachusetts and Washington D.C. Bars, Matthew respectfully submits that he has the requisite experience and resources to serve as co-lead counsel with Fred Thompson and James Ronca, along with Dion Kekatos as liaison counsel, and is willing to commit to this challenging MDL process.

## CURRICULUM VITAE

### James R. Ronca

Firm: Anapol Schwartz
 (Shareholder)
1710 Spruce Street
Philadelphia, PA 19103

Harrisburg Office:
252 Boas Street
Harrisburg, PA  17102

Phone:     (717) 901-3500
FAX:        (717) 909-0300
E-Mail:    jronca@anapolschwartz.com
Website :   www.anapolschwartz.com

### Professional Information

Admitted to Pennsylvania and Federal Bar:  October 1977

Education

Dickinson School of Law, 1977 J.D.
        Associate Editor, Dickinson Law Review

Lehigh University, 1974 B.A. Government (cum laude)

Professional Appointments

National Co-Lead Counsel, Trasylol Multi-district Litigation, 2008 - Present

National Co-Lead Counsel, Zimmer NexGen Knee Multidistrict Litigation
(Judge Pallmeyer Chicago, Illinois), 2011 – Present

Civil Procedural Rules Committee of the Pennsylvania Supreme Court,
Vice Chair 2010-Present
Member 2005- present.

Disciplinary Board of the Supreme Court of Pennsylvania,
Hearing Committee Member (1993 - 1999)
Hearing Committee Chair (1998-1999)

Judicial Evaluation Commission, Pa. Bar Association, 1997-1999.

Committee to Review and Recommend Candidates for Federal Judgeships (Middle District of Pennsylvania), appointed by The Honorable Harris Wofford (1992) Appointed by Senator Arlen Specter (1994 & 1998)

Co-State Liaison, Breast Implant Multidistrict Litigation (Judge Pointer, Federal District Court, Birmingham, Alabama) 1992 to 2002.

Co-Chair Plaintiffs' Steering Committee, Coordinated Breast Implant Litigation, 1992 - 2000.

## Professional Activities

### Pennsylvania Association for Justice (formerly Pennsylvania Trial Lawyers Association (1978 - Present)

President (1991 - 1992)
Officer (1985 - 1993)
Executive Committee (1983 - 1993)
Board of Governors (1980 - Present)
Continuing Legal Education Committee  Co-Chair 1981 - 1983
Legislative Policy Committee (1981 - 2002)
(Co-Chair 1988 - 1990)
Auto Insurance Subcommittee Chairman (1981 -2000)

### Pennsylvania Bar Association (1977 - Present)

Civil Litigation Section Council, Chair (1993-1994)
Member of Council (1984 - 1996)
Vice Chair (1989 - 1991)

Member, Judicial Evaluation Commission 1997-99

Medico-Legal Committee (1984 - 1992)
Chair (1989 - 1991)

Special Committee to Study Tort Law in
Pennsylvania (1988)

Inter-professional Relations Committee, Chair
(1989 - 1991)

### American Association for Justice (Formerly Association of Trial Lawyers of America (1977 - Present)

Board of Governors (1993 - 1999)
Co-Chair, State Affairs Committee (1997-1999)

Co-Chair, Motor Vehicle Insurance Committee 1995-97)
Budget Committee (elected 1996-1999)
Public Affairs Committee member 1995-1997
Safety for Seniors Committee Co-Chair (1999-2001)
Low Speed Impact Litigation Group Chair (2000-2001)
Baycol Litigation Group Co-Chair (2002-2004)
Trasylol Litigation Group Co-Chair (2007- Present   )

Dauphin County Bar Association (1977 - Present)

Teaching Positions

Advocacy Fellow, Dickinson School of Law, (1987 - 1996)

Awards

2007  Special Award for Long term Achievement in Teaching Continuing Legal
Education, Pennsylvania Association for Justice

1998 Michael A. Musmanno Award, Philadelphia Trial Lawyers Association
1997 Special award for Amicus Curie, Pennsylvania Trial Lawyers
1990 President's Award - Pennsylvania Trial Lawyers Association
1984 Milton Rosenberg Award - Pennsylvania Trial Lawyers Association

Publications

Books

Pennsylvania Motor Vehicle Insurance:  An Analysis of the Financial
Responsibility Law, Ronca, Sloane and Mundy (Published by Trial
Advocacy Foundation of Pennsylvania, 1986 and 1998 editions)

Discovery and Other Forms for the Trial lawyer, Mendel,
Portnoy and Ronca (in Print)

A Practitioner's Guide to Handling Auto Cases:  For
Trial Firms, Mendel, Mundy, Portnoy, Ronca and Swartz

**Diogenes P. Kekatos, Seeger Weiss LLP**

Seeger Weiss is one of the nation's leading plaintiffs' law firms, with offices in New York City; Newark, New Jersey; and Philadelphia. It has a substantial track record in pharmaceutical and medical device mass tort litigation, led by founding partner Christopher A. Seeger, who is one of the country's leading attorneys in that field of litigation.

Diogenes P. Kekatos, who is proposed as Plaintiffs' Liaison Counsel, is a member of the Seeger Weiss. He is a litigator with extensive experience in federal court practice – in particular, in the Southern District of New York. Mr. Kekatos is a former Assistant United States Attorney for the Southern District of New York, where he served as Chief of the Immigration and Financial Litigation Units. Between his government service and time in private practice, Mr. Kekatos has argued over 120 appeals and motions before the U.S. Courts of Appeals for the Second and Ninth Circuits, many of them resulting in published opinions, including a successful *en banc* rehearing (*In re Extradition of McMullen*, 989 F.2d 603 (2d Cir. 1993)).

Mr. Kekatos' appellate and district court experience in government service earned him many accolades, including a unique Letter of Commendation written by the Second Circuit's Staff Counsel, as well as a commendation from Attorney General Janet Reno. In addition to these distinctions, he earned the Executive Office for United States Attorneys ("EOUSA") Director's Award for Superior Performance and a commendation from U.S. Attorney Mary Jo White for exceptional achievement. He was also nominated for the Attorney General's John Marshall Award for Handling of Appeals and for Participation in Litigation, as well as the EOUSA Director's Award for Outstanding Work in Financial Litigation. Also, in 1987, then-U.S. Attorney Rudolph Giuliani nominated Mr. Kekatos for the Federal Bar Association's Younger Federal Lawyer Award.

As a partner at Seeger Weiss, Mr. Kekatos has handled complex and class action litigation in both state and federal courts across the country, including numerous multidistrict litigations ("MDLs"), in such diverse areas as ERISA, antitrust, consumer fraud, civil RICO, environmental, and mass tort litigation, with a particular concentration on class certification issues. He is called upon regularly by his colleagues at Seeger Weiss and by Seeger Weiss's co-counsel to provide his expertise on matters of federal practice and procedure.

Mr. Kekatos was the Seeger Weiss attorney chiefly responsible for the prosecution of *In re Delta Air Lines, Inc.*, MDL No. 1424-JEC (N.D. Ga.), which consisted of several pension benefit actions against Delta that were centralized in the U.S. District Court in Atlanta for pretrial purposes. In that litigation, Seeger Weiss served as lead counsel on behalf of active and retired Delta pilots who challenged various pension plan provisions and methodologies as violating both ERISA and the pilots' pension plans. Mr. Kekatos helped secure a nationwide settlement that, notwithstanding Delta's then-precarious financial condition (it filed for bankruptcy only 9 days after the district court gave final approval to the settlement), provided for $16 million in additional pension benefits and other relief to both retired and active Delta pilots.

In addition, Mr. Kekatos spearheaded the extensive briefing, at both the trial and appellate court levels, of the motion to certify a Vioxx-related nationwide class action against Merck, brought on behalf of all non-governmental health plans that paid for their members' Vioxx

prescriptions, and which asserts claims under the New Jersey Consumer Fraud Act to recover losses incurred in purchasing the now-withdrawn painkiller for their health plans. This action was part of the coordinated multicounty mass tort Vioxx litigation. In March 2006, the New Jersey Appellate Division unanimously affirmed Judge Carol E. Higbee's July 2005 certification of the lawsuit to proceed as a nationwide class action. *Int'l Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co.*, 894 A.2d 1136 (N.J. App. Div. 2006). The plaintiff and class representative, International Union of Operating Engineers Local No. 68 Welfare Fund, a labor union health plan, alleged that Merck had engaged in widespread and systematic concealment of information about the cardiovascular safety risks of Vioxx. At the time, the suit represented the biggest single Vioxx-related litigation brought against Merck. Despite the New Jersey Supreme Court's subsequent reversal of the ruling, Seeger Weiss achieved a settlement providing for an $80 million recovery for the plans.

More recently, Mr. Kekatos was the Seeger Weiss attorney chiefly responsible for the day-to-day prosecution of the litigation in *In re Genetically Modified Rice Litigation*, No. 4:06 MD 1811-CDP (E.D. Mo.). In that MDL, which settled in 2011 for $750 million, Seeger Weiss served as one of the members of the Executive Committee ("EC"). Besides handling significant administrative roles in the litigation, including attending EC meetings, he had central roles in, among other things, the research, drafting, and editing of (i) the plaintiffs' first master consolidated amended complaint, opening and reply class certification briefs and Fed. R. Civ. P. 23(f) petition for leave to appeal the district court's class certification ruling; (ii) the plaintiffs' Eighth Circuit briefs in three appeals taken by the defendants from judgments in three bellwether trials; and (ii) various briefs filed in the district court and the Arkansas Supreme Court pertaining to common benefit assessment issues.

Other litigations in which Mr. Kekatos has been involved more recently are *In re Bakery and Confectionery Union and Industry International Pension Fund Pension Plan*, No. 7:11 Civ. 01471 (VB) (S.D.N.Y.), an ERISA action brought on behalf of thousands of formerly-employed bakery workers who challenge a 2010 pension plan amendment that prohibits them from qualifying for certain early retirement pensions. That case has been litigated as a de facto MDL given that the litigation involves 6 related actions either originally filed in or transferred to the Southern District of New York from other districts, and in which Seeger Weiss was appointed Interim Co-Lead Counsel in July 2011. Mr. Kekatos has run the case on behalf of Seeger Weiss and he principally drafted the successful partial summary judgment motion paper that resulted in this Court holding the pension plan amendment at issue to be in violation of ERISA's anti-cutback provision. *See In re Bakery & Confectionery Union & Indus. Int'l Pension Fund Pension Plan*, 865 F. Supp. 2d 469 (S.D.N.Y. 2012), *appeal pending*, No. 14-4834 (2d Cir. Defs.-Appellants' brief filed Mar. 25, 2013).

In addition, Mr. Kekatos successfully argued the appeal in *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013), *pet. for cert. filed*, No. 12-1230 (U.S. Apr. 11, 2013), in which defendant Toyota Motor Corp. sought to compel arbitration of consumer fraud claims in MDL litigation involving certain hybrid automobile models' defective brakes (*In re Toyota Motor Corp. Hybrid Brake Mktg., Sales Practices, and Prods. Liab. Litig.*, MDL No. 2172 (C.D. Cal.)). The Ninth Circuit unanimously affirmed the district court's holding that because the plaintiffs' claims were not intertwined with the financing and insurance obligations addressed in their purchase

9

agreements, Toyota, as a non-signatory to those agreements that the plaintiffs had entered into with their automobile dealers, could not invoke an arbitration clause and class action waiver contained in those agreements.

In this MDL, Mr. Kekatos will be working closely with his partner, Christopher Seeger, who is one of the preeminent litigators and negotiators in the plaintiffs' mass tort bar.  Mr. Seeger holds or has held leadership positions in numerous federal MDL litigations.  Among these are: *In re Nat'l Football League Players' Concussion Injury Litig.*, MDL No. 2323 (E.D. Pa.) (Member of Plaintiffs' Executive Committee and Co-Lead Counsel); *In re Actos (Pioglitazone) Prods. Liab. Litig.*, MDL No. 2299 (W.D. La.) (Member of Plaintiffs' Steering Committee); *In re DePuy Orthopaedics, Inc. ASR Hip Implant Prods.*, No 2197 (N.D. Ohio) (Member of Plaintiffs' Executive Committee); *In re Yasmin, Yaz (Drospirenone) Mktg., Sales Practices and Prods. Liab. Litig.*, No. 2100 (S.D. Ill.) (Member of Plaintiffs' Steering Committee); *In re Chinese-Manufactured Drywall Prods. Liab. Litig.*, MDL No. 2047 (E.D. La.) ("Chinese Drywall MDL") (Member of Plaintiffs' Steering Committee); *In re Gadolinium Contrast Dyes Prods. Liab. Litig.*, No. 1909 (N.D. Ohio) (Member of Plaintiffs' Steering Committee and Executive Committee, and Federal-State Liaison Counsel); *In re Fosamax Prods. Liab. Litig.*, MDL No. 1789 (S.D.N.Y.) (Liaison Counsel Member of Executive Committee of Plaintiffs' Steering Committee); *In re Ortho Evra Prods. Liabs. Litig.*, No. 1742 (N.D. Ohio) (Member of Plaintiffs' Steering Committee); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, MDL No. 1708 (D. Minn.) (Member of Plaintiffs' Steering Committee); *In re Bextra and Celebrex Mktg. Sales Practices and Prod. Liab. Litig.*, MDL No. 1699 (N.D. Cal.) (Member of Plaintiffs' Steering Committee); *In re Vioxx Prods. Liab. Litig.*, MDL No. 1657 (E.D. La.) ("Vioxx MDL") (Co-Lead Counsel and Member of Plaintiffs' Steering Committee); *In re Zyprexa Prods. Liabs. Litig.*, MDL No. 1596 (E.D.N.Y.) ("Zyprexa MDL") (Liaison Counsel and Member of Plaintiffs' Steering Committee I); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, MDL. No. 1407 (W.D. Wash.) (Member of Plaintiffs' Steering Committee, and Liaison Counsel for New York state court PPA Litigation, and Class Counsel in Dexatrim settlement); and *In re Rezulin Prods. Liab. Litig.*, MDL No. 1348 (S.D.N.Y.) (Member of Plaintiffs' Executive Committee).

Mr. Seeger has had a central role in the negotiation of major MDL settlements, including the $4.85 billion settlement in the Vioxx MDL, an $800 million settlement in the Chinese Drywall MDL, and a $700 million settlement in the Zyprexa MDL, and he has tried several multimillion dollar cases successfully to verdict, most notably securing a $47.5 million verdict in *Humeston v. Merck & Co.*, No. ATL-L-2272-03 (N.J. Super. Ct.).