UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

IN RE:                                                    **ORDER NO. 7**
                                                       **(Plaintiff Fact Sheet)**

MIRENA IUD PRODUCTS LIABILITY LITIGATION
                                                         13-MD-2434 (CS)
*This Document Relates To All Actions*                   13-MC-2434 (CS)
-----------------------------------------------------------------------x

Seibel, J.

## I.  Plaintiff Fact Sheet, Authorizations, and Responsive Documents

1.      The parties have agreed upon a Plaintiff Fact Sheet ("PFS") which is attached as

Exhibit 1 to this Order.

2.      The PFS includes document requests in Section XIV and a variety of authorizations

for the release of records.  Each Plaintiff shall produce to Counsel for Defendant Bayer

Healthcare Pharmaceuticals Inc. ("Defendant") as identified in Section II below a completed

PFS, executed Authorizations for the Release of Records ("Authorizations") and documents

responsive to Section XIV of the PFS ("Responsive Documents") pursuant to the terms of this

Order. "Defendant" in the context of this document shall be defined pursuant to the Agreed

Order Regarding Proper Party-Defendant, (No. 13-MC-2434, Doc. 22), and any future

amendments thereto.

3.      The PFS is a convenient form of propounding interrogatories and requests for

production of documents.  The completed PFS shall be considered interrogatory answers

pursuant to Fed. R. Civ. P. 33 and as responses to requests for production pursuant to Fed. R.

Civ. P. 34 and will be governed by the standards applicable to written discovery under Fed. R.

Civ. P. 26 through 37.  The questions and requests for production contained in the PFS are

non-objectionable and shall be answered without objection.  As set forth below in section III,

each PFS that is completed must be substantially complete.  This section does not prohibit a Plaintiff from withholding or redacting information based upon a recognized privilege.  If a Plaintiff withholds or redacts any information on the basis of privilege, he or she shall provide Defendant with a privilege log.  In the event that a dispute arises concerning the completeness or adequacy of a Plaintiff's response to any request contained in the PFS, this section shall not prohibit the Plaintiff from asserting that his or her response is adequate.

4.      Nothing in the PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial.  The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure.  The admissibility of information in responses to the PFS shall be governed by the Federal Rules and no objections are waived by virtue of any PFS response.

## II.   Schedule of Production of PFSs

5.      Within sixty (60) days of this Order or within forty-five (45) days of the date on which an action is transferred to this MDL, whichever is later, each Plaintiff shall serve Defendant with a completed PFS; executed Authorizations; and Responsive Documents.

6.      Service of the PFS, Authorizations and Responsive Documents shall be sent electronically via e-mail to Defendant's Counsel at mirenapfs@shb.com and to Plaintiffs' Steering Committee at mirenamdlpfs@yourlawyer.com.  To the extent service via e-mail is not possible, the PFS may be served either in hard copy or in an electronic format on CD or USB flash drive via first class mail to Defendant's Counsel at:

> Mirena Plaintiff Fact Sheet
> c/o Kristen Ryan
> Shook Hardy & Bacon LLP
> 2555 Grand Blvd
> Kansas City, MO 64108

**III.   PFS Must Be Substantially Complete In All Respects**

7.      Every Plaintiff is required to provide Defendant's Counsel with a PFS that is substantially complete in all respects.  Substantially complete in all respects requires that a Plaintiff:

  a)   Answer all applicable questions in the PFS (Plaintiff may answer questions in good faith by indicating "not applicable" or "I don't know" or "Unknown");

  b)   Include a signed Declaration (found at Section XV of the PFS);

  c)   Provide duly executed record release Authorizations; and

  d)   Produce the Responsive Documents requested in the PFS, to the extent such documents are in Plaintiff's possession.

**IV.   Authorizations For The Release Of Records**

8.      As set forth above, Authorizations together with copies of such records, to the extent that those records or copies thereof are in the Plaintiff's possession, shall be provided along with the PFS at the time that the Plaintiff is required to serve a PFS pursuant to this Order.

9.      Each Plaintiff shall provide addressed Authorizations for each health care provider identified in the PFS.

10.      Plaintiff shall serve undated Authorizations.  Undated Authorizations constitute permission for Defendant to date (and where applicable, re-date) Authorizations before sending to records custodians after giving three (3) days' notice to Plaintiff's counsel.

11.      With respect to Authorizations provided to Defendant that are dated, Defendant and its record copy vendor, The Marker Group, Inc. ("Marker"), are hereby authorized to re-date the Authorizations to the date that they are being sent to the healthcare providers and other

entities that require Authorizations.  Defendant and Marker shall be permitted to "white out" the date and re-date after three (3) business days' notice to Plaintiff's Counsel.

12.      In addition to the addressed Authorizations described above, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations.  Plaintiff's counsel shall provide executed Authorizations to Defendant's counsel within ten (10) business days of a request for Authorizations that identifies the provider(s) from whom Defendant wishes to request records.  If Plaintiff's counsel has a good faith basis to believe that Plaintiff was not treated by the healthcare provider or that the PFS does not require an Authorization for that provider, Plaintiff's counsel shall disclose this basis for withholding the Authorization in writing within ten (10) business days of the request.

13.      In the event that a signed Authorization does not contain the following information with respect to the Plaintiff – or, in the case of an Authorization signed in a representative capacity, the information with respect to the represented party – Defendant and Marker are authorized to fill in the following information:

   a)  The name and/or address of the Plaintiff, or represented party, at the top of the Authorization;

   b)  The social security number of the Plaintiff or represented party;

   c)  The date of birth of the Plaintiff or represented party;

   d)  The name of defense counsel or vendor to whom records may be released.

14.      In the event that an institution or medical provider to whom any Authorization is presented refuses to provide records in response to that Authorization, Defendant shall notify Plaintiff's individual representative counsel.  Should a particular form be required, Defendant

will provide it to Plaintiff's individual representative counsel.  The individual Plaintiff shall execute and return within 21 days whatever form is required by that institution or provider.

15.     If a healthcare provider refuses to comply with a request for production of medical records or refuses to speak to a third party vendor, Plaintiff's counsel shall attempt to confer with the Healthcare Provider's office at issue to mediate its refusal to respond to the request for production of medical records and must follow-up with Defendant in writing within three (3) business days of being notified of the issue.  Failure of counsel to confirm follow-up with Defendant in writing within three (3) business days will render the PFS incomplete.

16.     Marker shall have the right to contact institutions or medical providers to follow up on medical record copying or production.  However, Marker is strictly forbidden to discuss the substance of the lawsuit or to discuss, in any manner, the substance of the records.

**V.   <u>Non-compliance with PFS Requirements</u>**

17.     Any Plaintiff who fails to comply with her PFS obligations under this Order may be subject to having her claims, as well as any derivative claim(s), dismissed.  If Defendant has not received a PFS that is substantially complete (in accordance with Section III above) from a Plaintiff within 30 days following the due date set forth herein, Defendant will send a Notice of Overdue Discovery to Plaintiff's counsel identifying the discovery overdue and stating that, unless the Plaintiff complies with the Court's discovery orders, the case may be subject to dismissal.  If Defendant has not receive a completed PFS within 30 days after serving a Plaintiff with a 30-day notice, Defendant may move the Court for an Order dismissing the Complaint without prejudice.  Plaintiff shall have thirty (30) days from the date of Defendant's motion to file a response either certifying that the Plaintiff has served upon Defendant and Defendant has received a completed PFS and attaching appropriate

documentation of receipt, or opposing Defendant's motion.  If a Plaintiff files such a notice, the Plaintiff's claims shall not be dismissed.  Unless Plaintiff has served Defendant with a completed PFS or has moved to vacate the dismissal without prejudice within 90 days after entry of any such Order of Dismissal without Prejudice, the order will be converted to a Dismissal with Prejudice upon Defendant's motion.

**SO ORDERED.**

Dated: August 15, 2013
        White Plains, New York

_____
        CATHY SEIBEL, U.S.D.J.

# EXHIBIT 1

*UNITED STATES DISTRICT COURT*
*SOUTHERN DISTRICT OF NEW YORK*
-----------------------------------------------------------------------x
*IN RE:*

*MIRENA IUD PRODUCTS LIABILITY LITIGATION*

*THIS DOCUMENT APPLIES TO:*

                         _____

-----------------------------------------------------------------------x

**13-MD-2434 (CS)(LMS)**
13-MC-2434 (CS) (LMS)

## MIRENA PLAINTIFF FACT SHEET

      Each plaintiff with a case pending before this Court who alleges personal injury as a result of using Mirena® ("Mirena") in the United States must complete a Mirena Plaintiff Fact Sheet.  If you are completing this Mirena Plaintiff Fact Sheet in a representative capacity on behalf of someone who has died or who otherwise cannot complete the Mirena Plaintiff Fact Sheet, please answer as completely as you can for that person.

### DEFINITIONS
In completing this Mirena Plaintiff Fact Sheet, please use the following **definitions**:

1. "**You**" or "**Your**" refers to the person who used Mirena, unless otherwise specified;

2. "**Healthcare Provider**" means any hospital, clinic, medical center, physician's office, urgent care center, infirmary, fertility clinic, laboratory, or other facility that provides medical care or advice, and any pharmacy, physical therapist, rehabilitation specialist, physician, nurse, nurse practitioner, midwife, osteopath, homeopath, chiropractor or any other persons or entities involved in the evaluation, diagnosis, care and/or treatment of you;

3. If you are making a claim for a mental, psychological, emotional or psychiatric injury(ies) allegedly as a result of your use of Mirena, the term "**Healthcare Provider**" also means any psychiatrist, psychologist, or other professional involved in the evaluation, diagnosis, care and/or treatment of your mental health; and

4. "**Document**" means any writing or record of every type that is in your possession, including but not limited to written documents, documents in electronic format, cassettes, videotapes, photographs, charts, computer discs, x-rays, drawings, graphs, phone-records, non-identical copies and other data compilations from which information can be obtained.

5. "Defendant" in the context of this document shall be defined pursuant to the Agreed Order Regarding Proper Party Defendant and any future amendments thereto.

**You may attach as many documents (as defined above) as necessary to fully answer these questions.**

If you have any documents (as defined above), including, but not limited to, photographs of you, videos of you, e-mails, blog or internet postings or messages, medical records, packaging, labeling, or instructions for Mirena, materials or other items that you are requested to produce as part of answering this Mirena Plaintiff Fact Sheet or that relate to Mirena, or that relate to the injuries, claims, and/or damages that are the subject of your Complaint, you must NOT dispose of, alter, or modify these documents or materials in any way. You are required to give all of these documents and materials to your attorney as soon as possible. If you are unclear about these obligations, please contact your attorney.

In completing the Mirena Plaintiff Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge at the time you complete this Fact Sheet. If you cannot recall all of the details requested, please provide as much information as you can recall but do not guess. You must supplement your responses if you learn that they are incomplete or incorrect.

## I.   CASE INFORMATION

1.    Name of person alleging personal injury as a result of using Mirena: _____

2.    Name of person completing this form: _____

3.    Please provide the following for the civil action regarding Mirena that you filed:

   a.    Case caption: _____

   b.    Docket Number: _____

   c.    Court in which action was originally filed: _____

   d.    Name, address, telephone number, fax number and email address of the principal attorney representing you:

   Name: _____

   Firm: _____

   Address: _____

   Telephone Number: _____

   Fax Number: _____

   E-mail Address: _____

---

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434* *PLAINTIFF FACT SHEET*
*PLAINTIFF:* *DOCKET NO.:*

4. If you are completing this Plaintiff Fact Sheet in a representative capacity (e.g., on behalf of the estate of a deceased person or a minor), please complete the following:

  a. Your name: _____

  b. Current Address: _____

  c. If you were appointed as a representative by a court, state the:

    Court That Appointed You: _____

    Date of Appointment: _____

    Type/Capacity of Appointment:_____

  d. What is your relationship to the individual/estate: _____

  e. If you represent a decedent's estate, please state the:

    Date of the decedent's death: _____

    Place (city/state) of the decedent's death:

    _____

**THE REMAINDER OF THIS PLAINTIFF FACT SHEET REQUESTS INFORMATION ABOUT THE PERSON WHO USED MIRENA.  IF YOU ARE COMPLETING THIS FACT SHEET FOR SOMEONE ELSE, PLEASE ASSUME "YOU" or "YOUR" MEANS THE MIRENA USER.**

## II.     PERSONAL INFORMATION ABOUT THE MIRENA USER

1.     Name: _____

2.     Have you ever used any other names and, if so, what are the names and when did you use them: _____

3.     Current address and date when you began living at this address: _____

4.     Identify each address at which you have resided beginning five (5) years prior to the time the Mirena was first inserted through the present and the dates you resided at each location.

| Address | Dates of Residence |
|---|---|
|  |  |
|  |  |
|  |  |

5.     Please provide the last four digits of your Social Security Number: _____

6.     Date and Place of Birth: _____

7.     Are you or have you been married?  YES _____ NO _____

If "YES" please provide the following information for your spouse(s)

| Name | Date of Marriage | Date Marriage Was Terminated, if Applicable | Reason for Termination (e.g. death, divorce), if Applicable |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

8.     Is your spouse claiming loss of consortium and/or loss of services?  YES_____NO____

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*          *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                    *DOCKET NO.:*

9.      Do you have children? YES _____ NO _____

        If "YES", please provide the following information for each child:

| Child's Name | Date of Birth | Natural/Adoptive/Step/Other |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

10.     Provide the following information regarding your education, beginning with high school and continuing through your highest level of education:

| Name of School | City/State | Dates of Attendance | Degree Awarded | Major or Primary Field |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

11.     Are you currently employed?

        YES _____ NO _____

        If "YES", please identify your current employer, your current employer's address, and your position: _____

        _____

12.     Did you ever take a medical leave of absence from any job that you have had from the time your Mirena was first inserted until your current job? YES _____ NO _____

        If "YES", identify the employer from which you took each leave, when you took each leave, and why you took each leave:_____

        _____

        _____

13.     Have you ever served in any branch of the military?

YES _____ NO _____

      If "YES":

a.     In what branch did you serve and what were your dates of service:

_____

b.     Were you ever discharged for any reason relating to a medical or physical condition?

      YES _____ NO _____

      If "YES", state what that condition was: _____

14.    Have you ever been rejected from military service for any reason relating to a medical or physical condition?

      YES _____ NO _____

      If "YES", state what that condition was: _____

15.    Provide the following for each insurance carrier with whom you had health insurance coverage beginning five (5) years prior to your first Mirena being inserted to the present (please include all private insurance and public assistance, if applicable):

| Name of Insurance Company or Public Assistance | Policy Number | Policy Holder | Approx. Dates of Coverage |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

16.    Have you applied for workers' compensation, social security, or state or federal disability benefits from the five (5) years before your first Mirena was inserted to the present?

YES _____ NO _____

If "YES", then as to each application, separately state:

a.     To what agency or company did you submit your application: _____

_____

b.      Claim/docket number, if applicable: _____

c.      Date (or year) of application: _____

d.      Type of benefits sought: _____

e.      Nature of claimed injury/disability: _____

f.      Period of disability: _____

g.      Amount awarded: _____

h.      Basis of your claim: _____

i.      Was your claim denied?

        YES _____ NO _____

17.   Have you ever been denied life insurance for reasons relating to your health?

      YES _____ NO _____

      If "YES", please state when the denial occurred, the name of the life insurance company, and the company's reason for denial:

      _____

      _____

18.   Have you ever been denied health insurance for reasons relating to your health?

      YES _____ NO _____

      If "YES", please state when the denial(s) occurred, the name of the health insurance company(ies), and the company's(ies') reason(s) for the denial(s):

      _____

      _____

19.   Have you filed a lawsuit other than the present suit relating to any bodily injury within the past ten (10) years?

      YES _____ NO _____

If "YES", please explain the nature of the case(s), where it was filed, the nature of the alleged bodily injury, and identify your lawyer(s):

_____

_____

_____

20.     In the last 10 years, have you been convicted of or pled guilty to any felony and/or have you been convicted of or pled guilty to any crime that involved an alleged act of dishonesty or providing a false statement?

        YES _____ NO _____

        If "YES", please state the charge(s) to which you pled guilty or were convicted and the court(s) where the action(s) was pending: _____

        _____

21.     Have you at any time since the Mirena was first inserted posted about Mirena, your physical condition during the time you claim you were suffering from injuries allegedly caused by Mirena, or the injury(ies) Mirena allegedly caused you on any social media account, including but not limited to, Facebook, MySpace, or Twitter?

        YES _____ NO _____

        If "YES", please state on which social media account(s) you posted or tweeted about Mirena, your physical condition during the time you claim you were suffering from injuries allegedly caused by Mirena, and/or the injury(ies) Mirena allegedly caused you.

        _____

        If "YES", did you include/attach any picture(s) and/or video(s) with your post about Mirena, your physical condition during the time you claim you were suffering from injuries allegedly caused by Mirena, or the injury(ies) Mirena allegedly caused you?

        YES _____ NO _____

22.     Have you at any time since your Mirena was first inserted e-mailed anyone (not including your "attorney(s)") about Mirena, your physical condition during the time you claim you were suffering from injuries allegedly caused by Mirena, or the injuries Mirena allegedly caused you?

        YES _____ NO _____

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*          *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                          *DOCKET NO.:*

### III.    HEALTH CARE PROVIDERS AND PHARMACIES

1.     Identify each doctor or other health care provider who you have ever seen for obstetrical/gynecological medical care and treatment:

| Doctor or Health Care Provider's Name | Doctor or Health Care Provider's Specialty | Address | Approx. Dates/Years of Visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

2.     Identify each hospital, clinic, or health care facility where you were ever hospitalized (inpatient, out-patient, or emergency room visit) for obstetrical/gynecological medical care and treatment:

| Name | Address and Telephone Number | Admission Date(s) | Reason for Admission |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*            *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                          *DOCKET NO.:*

3.      Other than obstetrical/gynecological care, or psychological/psychiatric care, identify each doctor or other health care provider who you have seen for medical care and treatment beginning five (5) years prior to the insertion of your first Mirena to the present:

| Doctor or Health Care Provider's Name | Doctor or Health Care Provider's Specialty | Address | Reason for Visit | Approx. Dates/Years of Visits |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

4.      Other than obstetrical/gynecological care, or psychological/psychiatric care, identify each hospital, clinic, or health care facility where you were hospitalized (inpatient, out-patient, or emergency room visit) beginning five (5) years prior to the insertion of your first Mirena to the present:

| Name | Address and Telephone Number | Admission Date(s) | Reason for Admission |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
**Page 10**

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*     *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                          *DOCKET NO.:*

5.     Identify each pharmacy that has dispensed medication to you beginning five (5) years prior to the insertion of your first Mirena to the present:

| Name of Pharmacy | Address and Telephone Number of Pharmacy | Name of Medication Dispensed | Approx. Dates/Years You Used Pharmacy |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

## IV.     <u>BACKGROUND INFORMATION</u>

1.     Current Approximate Height: _____

2.     Current Approximate Weight: _____

3.     Approximate weight at the time your first Mirena was inserted:_____

4.     Approximate weight at the time of your alleged injury: _____

5.     Approximate date and age of your first menstrual period: _____

6.     Do you currently use tobacco products (cigarettes, cigars, pipes, and/or chewing tobacco/snuff)?  YES _____ NO _____

   a.  If "YES", how many tobacco products (cigarettes, cigars, pipes, and/or chewing tobacco/snuff) do you use per day/week? _____

   b.  If "YES", when did you start using tobacco products? _____

   c.  If "YES", has your usage of tobacco products changed over time?

    YES _____ NO _____

   d.  If "YES", describe how your usage of tobacco products has changed over time: _____ _____ _____

7.    If you answered "NO" to Question 6 above, have you ever used tobacco products (cigarettes, cigars, pipes, and/or chewing tobacco/snuff)?  YES _____  NO _____

If 'YES', please describe the tobacco product(s) you used, when you used it, how much you used, how your use changed over time, and when you stopped using the tobacco product(s): _____

_____

8.    Alcohol Consumption: For the one (1) year period prior to the insertion of your first Mirena up to the present, did you drink alcohol (beer, wine, etc.)?

YES _____  NO _____

a.    If "YES", state the type of alcoholic beverages consumed (beer, wine, liquor, etc.):

_____

_____

b.    For each different type of alcoholic beverage listed above, provide information on the number of drinks per month that best represents your approximate average alcohol consumption: _____

## V.    **MEDICAL HISTORY**

1.    Have you ever been diagnosed with or sought treatment for any of the following conditions? Please select "Yes", "No" or "Unknown" for each condition.

a.    For each condition for which you answer "Yes", please provide the additional information requested in subpart (b):

| Condition | Yes | No | Unknown |
|---|---|---|---|
| 1.  Abnormal genital bleeding | | | |
| 2.  Acquired immune deficiency syndrome (AIDS) | | | |
| 3.  Amenorrhea | | | |
| 4.  Any condition related to blood clotting, including genetic thrombotic disorders | | | |
| 5.  Autoimmune disease or condition, such as lupus, rheumatoid arthritis, psoriasis, scleroderma, or mixed-connective tissue disorder | | | |
| 6.  Cancer – Breast | | | |
| 7.  Cancer – Cervical | | | |
| 8.  Cancer – Endometrial | | | |
| 9.  Cancer - Other form of Cancer | | | |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*     PLAINTIFF FACT SHEET
*PLAINTIFF:*                                      *DOCKET NO.:*

| Condition | Yes | No | Unknown |
|---|---|---|---|
| 10. Cancer – Ovarian | | | |
| 11. Cervicitis | | | |
| 12. Chronic Painful Sexual Intercourse | | | |
| 13. Congenital Heart Failure | | | |
| 14. Cystitis | | | |
| 15. Diabetes | | | |
| 16. Early menstruation (11 years or younger) | | | |
| 17. Ectopic Pregnancy | | | |
| 18. Endometriosis | | | |
| 19. Genital Infections | | | |
| 20. Heart Attack | | | |
| 21. High blood pressure | | | |
| 22. Hypothyroidism | | | |
| 23. Irregular menstrual bleeding/cycle | | | |
| 24. Infertility | | | |
| 25. Jaundice | | | |
| 26. Kidney disease | | | |
| 27. Liver disease | | | |
| 28. Liver tumor (benign or malignant) | | | |
| 29. Migraine or other severe headaches | | | |
| 30. Ovarian cysts | | | |
| 31. Papilledema | | | |
| 32. Pelvic inflammatory disease | | | |
| 33. Polycystic ovarian syndrome | | | |
| 34. Retroverted, Retroflexed or Fixed Uterus | | | |
| 35. Severe menstrual cramps | | | |
| 36. Sexually transmitted disease, such as Chlamydia, gonorrhea, herpes, or HPV | | | |
| 37. Stroke | | | |
| 38. Underactive or overactive thyroid gland | | | |
| 39. Urinary tract infections or other bladder infections | | | |
| 40. Uterine anomaly, such as uterine fibroids, a T-shaped uterus, or bicornate uterus | | | |
| 41. Uterine or cervical neoplasia | | | |
| 42. Vaginitis | | | |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

389026 v1

b.       For each condition for which you answered "Yes" in the previous chart, please provide the information requested below (attach additional pages as necessary):

| Condition | Approximate Date of Onset | Name and Address of Treating Health Care Provider or Health Care Facility |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

2.       Have you ever had heavy menstrual bleeding?

YES _____ NO _____

If "YES", please state when you had heavy menstrual bleeding and how you treated it:

_____

_____

_____

## VI.    PRESCRIPTION MEDICATIONS

1.       Are there any prescription medications that you have taken on a regular basis beginning five (5) years prior to the insertion of your first Mirena to the present?

YES _____ NO _____

If "YES", for each prescription medication please provide the following information:

| Name of Prescription Medication Used on a Regular Basis | Health Care Provider(s) Who Prescribed the Medication | Approximate Dates/Years Taken | Your Understanding as to Why You Were Taking the Medication |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
**Page 14**

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*          *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                    *DOCKET NO.:*

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

## VII.   PREGNANCY CLAIM RELATED MEDICATION

1.      In addition to Perforation, Migration or Embedment injury(ies) are you claiming that you became pregnant while using Mirena?  YES___ NO___

   **If "NO", proceed to Section VIII.**

2.      If "YES" did you take any of the following medications (generic name is followed by brand name products in parenthesis) while the Mirena was inserted or (6) months prior to insertion:

| Name of Medication | Yes | No | Not Sure/ Unknown/ Do Not Recall |
|---|---|---|---|
| Barbiturates (*e.g.*, Amobarbital, Amytal Sodium, Butabarbital, Luminal, Mebaral, Mephobarbital, Nembutal Sodium, Pentobarbital, Phenobarbital, Secobarbital, Seconal, Solfoton) |  |  |  |
| Bosentan (*e.g.*, Tracleer) |  |  |  |
| Carbamazepine (*e.g.*, Carbatrol, Epitol, Tegretol) |  |  |  |
| Felbamate (*e.g.*, Felbatol) |  |  |  |
| Griseofulvin (*e.g.*, Fulvicin, Grifulvin, Grisactin, Griseofulicin, Griseofulvic, Gris-PEG) |  |  |  |
| Oxcarbazepine (*e.g.*, Oxtellar, Trileptal) |  |  |  |
| Phenytoin (*e.g.*, Dilantin, Di-Phen, Phenytek, Phenytoin Sodium, Prompt) |  |  |  |
| Rifampin (*e.g.*, Rifadin, Rimactane) |  |  |  |
| St. John's wort |  |  |  |
| Topiramate (*e.g.*, Topamax, Topiragen) |  |  |  |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
**Page 15**

a.    If you indicated "Yes" for any of the above medications/drugs, please provide the information requested below (attach additional pages as necessary):

| Name of Medication/Drug Used | Dates of Use (approx.) | Health Care Provider(s) Who Prescribed the Medication |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

## VIII.   PREGNANCY HISTORY

1.    Have you ever been pregnant? YES _____ NO _____

a.    If "YES", state your total number of pregnancies (including pregnancies carried to term, miscarriage(s) and pregnancies that were terminated before delivery): _____

b.    If "YES", state (1) your total number of live births, (2) dates of delivery, and (3) number of weeks at birth and (4) vaginal or C-section delivery: _____

_____

c.    If "YES", state the total number of miscarriages, if any: _____

_____

d.    If "YES", list any medications you took during the pregnancy, the prescribing doctor, and reasons for taking medications if you know:_____

e.    If "YES", did you breastfeed your children, and if so please provide the approximate dates you breastfed your children? _____

## IX.    FAMILY MEDICAL HISTORY

1.    Please indicate, to the best of your knowledge, whether your mother, siblings, aunts, or grandmothers have suffered from any of the following during their child-bearing-years:

| Condition | Yes | No | I Don't Know |
|---|---|---|---|
| 1  Ectopic Pregnancy |  |  |  |
| 2. Blood clot |  |  |  |

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*     *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                *DOCKET NO.:*

| | | | |
|---|---|---|---|
| 3. Ovarian cysts | | | |
| 4. Polycystic ovarian syndrome | | | |
| 5. Uterine anomaly, such as uterine fibroids or a T-shaped uterus | | | |

## X.   USE OF CONTRACEPTIVES OTHER THAN MIRENA

1.      Did you use other forms of contraceptives before the use of Mirena? YES _____ NO _____

2.      If "YES", provide the information below:

| Contraception | Yes | No | If Yes, Dates of Use | Prescribing Doctor (If Any) |
|---|---|---|---|---|
| Oral contraceptives *(e.g.,* birth control pills) | | | | |
| Norplant *(e.g.,* implants under skin) | | | | |
| Implanon | | | | |
| Depo-Provera® (the shot) | | | | |
| NuvaRing® | | | | |
| Transdermal contraceptives *(e.g.,* Ortho Evra®) | | | | |
| Intrauterine device (IUD) | | | | |
| Contraceptive sponge | | | | |
| Diaphragm | | | | |
| Condoms | | | | |
| Spermicide | | | | |
| Rhythm method | | | | |
| Other | | | | |

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*          *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                    *DOCKET NO.:*

## XI.   <u>MIRENA USE</u>

1.      For each Mirena that you have had INSERTED, provide the following information for each insertion:

   a.      PRESCRIBING Healthcare Provider Information

| Doctor or Healthcare Provider's Name that PRESCRIBED MIRENA | Address | Approx. Date of PRESCRIPTION |
|---|---|---|
|  |  |  |
|  |  |  |

   1)      Were you prescribed Mirena for contraception?  YES_____    NO_____

   2)      Were you prescribed Mirena to treat heavy menstrual bleeding?

   YES_____   NO_____

   b.      INSERTING Healthcare Provider Information

| Doctor or Healthcare Provider's Name that INSERTED MIRENA | Address | Approx. Date of INSERTION |
|---|---|---|
|  |  |  |
|  |  |  |

   c.      <u>REMOVING Healthcare Provider Information</u>

| Doctor or Healthcare Provider's Name that REMOVED MIRENA | Address | Approx. Date of REMOVAL |
|---|---|---|
|  |  |  |
|  |  |  |

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**
389026 v1

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*          *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                      *DOCKET NO.:*

2.     Did you have a follow-up appointment(s) with your health care provider after insertion of the Mirena(s)?

       YES _____ NO _____

3.     Did you self-check the Mirena threads after the Mirena was inserted?

       YES _____ NO _____

       a.     If "YES", how often did you self-check your Mirena threads? _____

       b.     If "YES", was there a time when you could not feel the threads?

              YES _____ NO_____

                     If "YES", when? _____

                     If "YES", did you report that to a healthcare provider and, if so, identify the healthcare provider you reported that to and when:
                     _____

       c.     If you answered "YES" to Question 3, was there a time when you were not sure if you felt the threads?

              YES _____ NO_____

                     If "YES", when? _____

                     If "YES", did you report that to a healthcare provider and, if so, identify the healthcare provider you reported that to and when:
                     _____

4.     Were you given any written information, including but not limited to, any booklets, brochures, pamphlets or literature, about Mirena at any time up to your alleged injury?

       YES _____ NO _____

              If "YES", who gave you the information?_____

              If "YES", describe the information you were given: _____

              _____

5.    Were you given any oral information regarding Mirena at any time up to your alleged injury? YES _____ NO _____

        If "YES", who gave you the information?_____

        _____

        If "YES", describe the information you were given: _____

        _____

6.    Do you have in your possession the Mirena that was removed?

        YES _____ NO _____

        If "NO", who currently has the Mirena that was removed, if you know? _____

7.    Do you know the lot number(s) for the Mirena you received?

        YES _____ NO _____

        If "YES", what is/are the lot number(s): _____

        _____

8.    Have you seen any advertisements *(e.g.,* in magazines, on the internet, or television commercials) for Mirena? YES _____ NO _____

        If "Yes", describe the advertisement or commercial and approximately when and where you saw the advertisement or commercial:  _____

        _____

        _____

        _____

9.    Did you attend any of the Simple Style Statements programs? YES _____ NO _____

        If "YES", provide the date and location of the program you attended:

        _____

10.    Other than through your attorneys, have you had or do you believe you have had any communication, oral or written, with any of the Defendants or their employees or representatives (including but not limited to, phone calls, E-mail, Text Messages, E-Minders to/from you and any of the Defendants (including through websites for Mirena and/or signing up for an on-line program))? YES _____ NO _____

If "YES", set forth the date of the communication, the method of communication, the name of the representative you communicated with, and the substance of the communication between you and any representatives of the Defendants: _____

_____

## XII.   INJURIES & DAMAGES

1.   Are you claiming that you suffered physical injury(ies) as a result of your use of Mirena? YES _____ NO _____

   a.   If "YES", state the nature of the physical injury(ies) which you claim:
   _____
   _____
   _____

   b.   When do you claim this/these physical injury(ies) occurred?_____

   c.   If you were taken to a doctor or health care facility (*e.g.,* hospital or clinic) to be treated for your alleged physical injury(ies), state the name and address of the persons, police department, fire department, emergency medical workers, or ambulance company who took you to the doctor or health care facility:

| Name | Address |
|------|---------|
|      |         |
|      |         |

   d.   Were you hospitalized for this/these claimed physical injury(ies)?

   YES _____ NO _____

   If "YES", please provide the following information:

| Approximate Date(s) of Hospital Admission | Approximate Date(s) of Discharge | Hospital Name(s) and Address(es) |
|---|---|---|
|   |   |   |
|   |   |   |
|   |   |   |

 

e.      Were you treated in a non-hospital setting for this/these claimed physical injury(ies)? YES _____ NO _____

If "YES", please provide the following information:

| Approximate Date(s) of Treatment | Name of Health Care Provider | Address |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

f.      Has any healthcare provider told you orally or in writing that this/these claimed physical injury(ies) was/were related to your use of Mirena?

YES _____ NO _____

If "YES", please provide the name, address and approximate date of communication with said health care provider and provide the details of the communication: _____

_____

_____

2.      Are you claiming any mental, psychological, emotional or psychiatric injury(ies) as a result of using Mirena? YES _____ NO _____

**IF "NO", DO NOT ANSWER SUB-QUESTIONS 2a-2f
AND PROCEED TO QUESTION NO. 3**

a.      If "YES", state the nature of the mental, psychological, emotional or psychiatric injury(ies) which you claiming as a result of using Mirena:

_____ DEPRESSION

_____ ANXIETY

_____ OTHER (Please Specify):_____

_____

_____

_____

     b.     When do you claim this/these mental, psychological, emotional or psychiatric injury(ies) occurred? _____

     c.     Have you sought any medical treatment for this/these claimed mental, psychological, emotional or psychiatric injury(ies)? YES _____ NO _____

         If "YES", please state the following as it pertains to your treatment of this/these claimed mental, psychological, emotional or psychiatric injury(ies):

| Name of Psychiatrist, Psychologist, or Other Mental Health Care Provider | Address | Reason for Treatment | Approx. Dates/ Years of Treatment / Visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

     d.     Has any healthcare provider told you orally or in writing that this/these claimed mental, psychological, emotional or psychiatric injury(ies) was/were related to your use of Mirena? YES _____ NO _____

         If "YES", please identify the name, address, and approximate date of communication with said health care provider and the details of the communication:_____

_____

_____

     e.     If you are claiming a mental, psychological, emotional or psychiatric injury in this case, state whether you have ever experienced or have ever been treated for any mental, psychological, emotional or psychiatric problem (including depression) not related to your use of Mirena.

         Yes _____ No _____

If "YES", please state the following as it pertains to your treatment of your mental, psychological, emotional or psychiatric condition(s) that occurred prior to your use of Mirena:

| Name of Psychiatrist, Psychologist, or Other Mental Health Care Provider | Address | Reason for Treatment | Approx. Dates/ Years of Treatment / Visits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

       f.      Have you ever been rejected or discharged from the military service for a psychological or psychiatric reason?

YES _____ NO _____

If "YES", state what that condition was: _____

_____

3.      Are you making a claim for lost wages or lost earning capacity?

YES _____ NO _____

       a.      If "YES", please provide the following information for the employer(s) for whom you worked beginning five (5) years before your first Mirena was inserted until the present:

| Name of Employer | Address of Employer | Dates of Employment | Position Held and Job Title/Duties |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*        *PLAINTIFF FACT SHEET*
PLAINTIFF:                                    DOCKET NO.:

| Name of Employer | Address of Employer | Dates of Employment | Position Held and Job Title/Duties |
|---|---|---|---|
|  |  |  |  |

b.    If "YES", state your annual gross income from the 5 years before your first Mirena was inserted until the present:

| Year | Approximate Annual Gross Income |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

4.    Are you claiming that you have paid, incurred, or will have to pay medical expenses as a result of having used Mirena? YES _____ NO _____

If "YES", for each monetary expense or fee that you are claiming for medical expenses related to your use of Mirena, please identify that expense: _____

_____

_____

5.    Other than your spouse, has someone in your family alleged a loss of consortium claim or loss of services claim as a result of your use of Mirena? YES _____ NO _____

If "YES", please identify the family member and relationship.

_____

_____

## XIII.  <u>FACT WITNESSES</u>

Please identify all persons who you believe possess information concerning your injury(ies) and current medical conditions, other than your health care providers and persons previously identified in Section X (Injuries & Damages), and please state their name, address and his/her/their relationship to you (attach additional pages as necessary):

| Name | Address | Relationship to You |
|------|---------|---------------------|
|      |         |                     |
|      |         |                     |
|      |         |                     |
|      |         |                     |

## XIV.  <u>DOCUMENT DEMANDS</u>

1.   <u>AUTHORIZATIONS</u>

   a.   Health Care Authorizations should be provided in accordance with the Case Management Order in the form attached hereto as Exhibit "A".

      1)   <u>Please initial for release of HIV/AIDS related information on Exhibit "A"</u>

      2)   <u>If you are NOT asserting a claim for a mental, psychological or psychiatric injury(ies) related to your use of Mirena, you do not have to provide a medical authorization for any mental health care professional.</u>

      3)   If you are asserting a claim for a mental, psychological or psychiatric injury(ies) related to your use of Mirena, please initial the area for release of relevant records on Exhibit "A".

   b.   Tax Return 4506 and 4506-T IRS Forms

   If you are asserting a claim for lost wages or lost earning capacity, please provide a completed and signed IRS Form 4506 and 4506-T attached as **Exhibit "B"** for the time period of five years before the Mirena was first inserted up until the present.

   c.   Authorizations for the Release of Employment Records

If you answered "YES" to question XII.3, please provide a completed and signed Employment Authorization attached as **Exhibit "C"** for each employer identified in your previous responses in this Mirena Plaintiff Fact Sheet.

    d.      Authorization for Release of Workers' Compensation Records

If you answered "YES" to question II.16, please provide a completed and signed Authorization for Release of Workers' Compensation Records for each agency or company you submitted your application to for the five years before your first Mirena was inserted to the present in the form attached as **Exhibit "D"**.

    e.      Authorization for Release of Disability Records

If you answered "YES" to question II.16, please provide a completed and signed Authorization for Release for each agency or company you submitted your application to for the five years before your first Mirena was inserted to the present in the form attached as **Exhibit "E"**.

    f.      Educational Records

If you answered "YES" to question XII.3, please provide a completed and signed Educational Authorization attached as **Exhibit "F"** for each educational institution that you previously provided in this Mirena Plaintiff Fact Sheet.

    g.      Insurance Records Authorization

For each medical insurance company that has insured you from five (5) years before your first Mirena was inserted until the present, please provide a completed and signed Authorization for Release of Insurance Records in the form attached as **Exhibit "G"**.

    h.      Federal Disclosures Required Pursuant To 42 U.S.C. § 1395y(b)(7) and (b)(8)

Starting on January 1, 2010, Defendants must report to the federal government certain information about every Plaintiff making a personal injury claim.  Please complete the Federal Disclosure statement attached to the end of this Plaintiff Fact Sheet as **Exhibit "H"**.

2.   **B.**   **OTHER RELEVANT DOCUMENTS**

Documents in your possession, including writings on paper or in electronic form (if you have any of the following materials in your custody or possession, please indicate which documents you have and attach a copy of them to this Plaintiff Fact Sheet):

    a.      All non-privileged documents you reviewed that assisted you in the preparation of the answers to this Plaintiff Fact Sheet.

*IN RE MIRENA® PRODUCTS LIABILITY LITIGATION MDL 13-2434*          *PLAINTIFF FACT SHEET*
*PLAINTIFF:*                                    *DOCKET NO.:*

       YES _____ NO _____

b.      A copy of all medical and insurance records (including but not limited to your Explanation of Benefits) and/or any other documents relating to your use of Mirena, your alleged injury(ies), your alleged physical condition, status, or well-being, or supporting any of your alleged medical expenses or fees you claim to have incurred as a result of your use of Mirena.

       YES _____ NO _____

c.      A copy of all medical records and/or documents in your possession, from any hospital or health care provider who treated you in the past five (5) years before your first Mirena was inserted and who treated you for any disease, condition or symptom referred to in any of your responses to the questions in the Mirena Plaintiff Fact Sheet concerning any condition you claim is related to your use of Mirena, including, but not limited to, all imaging studies of any part of your body that relate in any manner to the diagnosis, treatment, care or management of your condition and the injuries alleged in your Complaint.

       YES _____ NO _____

**If you are NOT asserting a claim for a diagnosed mental, psychological, or psychiatric injury(ies) related to your use of Mirena, you do not have to provide any mental health documents in your possession.**

d.      If you have been the claimant or subject of any workers' compensation, social security, or other disability proceeding, all documents relating to such proceeding.

       YES _____ NO _____

e.      All documents constituting, concerning, or relating to Mirena or Mirena product warnings, brochures, package inserts, or other materials distributed with or provided to you in connection with your use of Mirena.

       YES _____ NO _____

f.      Copies of advertisements or promotions for Mirena and articles discussing Mirena in your possession.

       YES _____ NO _____

g.      All documents in your possession or the possession of anyone acting on your behalf (other than your lawyer) obtained directly or indirectly from any of the Defendants or their employees, relating to Mirena.

       YES _____ NO _____

---

389026 v1

h.      All documents constituting any communications or correspondence between you and any representative of the Defendants, relating to Mirena.

        YES _____ NO _____

i.      All photographs, videos, journals, e-mails, tweets, texts, blog or other online posts, slides, DVDs or any other media relating to Mirena, your physical condition during the time you claim you were suffering from injuries allegedly caused by Mirena, or the injury(ies) Mirena allegedly caused you.

        YES _____ NO _____

j.      If you claim you have suffered a loss of earnings or earnings capacity, your federal tax returns and W-2s from the time beginning 5 years before your first Mirena was inserted to the present?

        YES _____ NO _____

k.      If you claim any loss from medical expenses, copies of all bills from any insurer, governmental agency, physician, hospital, pharmacy, or other health care providers.

        YES _____ NO _____

l.      All public statements made by you relating to this litigation or Mirena.

        YES _____ NO _____

m.      Copies of letters testamentary or letters of administration relating to your status as plaintiff (if applicable).

        YES _____ NO _____

n.      Decedent's death certificate and autopsy report (if applicable).

        YES _____ NO _____

**CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER**

## XV.    __DECLARATION__

I declare under penalty of perjury that, at the time I completed this Mirena Plaintiff Fact Sheet, all of the information provided in this Mirena Plaintiff Fact Sheet is true and correct to the best of my knowledge, information, and belief formed after due diligence and reasonable inquiry, that I have supplied all the documents requested in this Mirena Plaintiff Fact Sheet, to the extent that such documents are in my possession and that I have supplied the Authorizations attached to this declaration.  I understand that I must revise this Mirena Plaintiff Fact Sheet upon receiving any information making any answer incorrect or incomplete.

Date:_____          Signature_____

EXHIBIT A

***UNITED STATES DISTRICT COURT***
***SOUTHERN DISTRICT OF NEW YORK***

-------------------------------------------------------x

***IN RE:***

***MIRENA IUD PRODUCTS LIABILITY***
***LITIGATION***                                    .   **13-MD-2434(CS)(LMS)**

***THIS AUTHORIZATION APPLIES TO:***

_____

-------------------------------------------------------x


**AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| Patient Address | | |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1.   This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT,** and **CONFIDENTIAL HIV\* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2.   If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization.

3.   I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4.   I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5.   Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

**6.   THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9(b), PURSUANT TO THE GOVERNING LAWS AND STATUTES.**

7.   Name and address of health provider or entity to release this information:

8.   Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
    ❑  Medical Record from (insert date) _____ to (insert date) _____

    ❑  Entire Medical Record, including but not limited to: patient histories, office notes, test results, radiology studies, films, referrals, consults, billing records, insurance records, pharmacy and prescription records (including NDC numbers and drug information handouts/monographs) and records sent to you by other health care providers.

    ❑  Other:_____    Include: *(Indicate by Initialing)*
        _____    _____**Alcohol/Drug Treatment**
                                        _____**Mental Health Information**
                                        _____**HIV-Related Information**

**Authorization to Discuss Health Information**
  (b) ❑ By initialing here _____, I authorize _____
                   Initials                    Name of individual health care provider
    To discuss my health information with my attorney, or a governmental agency, listed here:

    _____ __
                (Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>   ❑ At request of individual<br>   ❑ Other:  Review and evaluation in connection with a legal claim. | 11. Date or event on which this authorization will expire:<br>At the conclusion of my court case styled, *In Re: Mirena IUD Prods. Liab. Litig.,* No. 13-MD-2434(CS)(LMS). |
| --- | --- |
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.  A notarized signature is <u>not</u> required, C.F.R. 164.508.  Any facsimile, copy or photocopy of the authorization authorizes you to release the records requested herein.

_____      Date:_____
Signature of patient or representative authorized by law.

2

Instructions for the Use
of the HIPAA-compliant Authorization Form to
Release Health Information Needed for Litigation

When filing out Item 11, which requests the date or event when the authorization will expire, the person filling out the form may designate an event such as "at the conclusion of my court case" or provide a specific date amount of time, such as "3 years from this date".

If a patient seeks to authorize the release of his or her entire medical record, but only from a certain date, the first two boxes in section 9(a) should both be checked, and the relevant date inserted on the first line containing the first box.

3

# EXHIBIT B-1

Form **4506**

(Rev. January 2012)

Department of the Treasury
Internal Revenue Service

# Request for Copy of Tax Return

OMB No. 1545-0429

▶ **Request may be rejected if the form is incomplete or illegible.**

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your IRS return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.*

**6**   **Tax return requested.** Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____

**Note.** *If the copies must be certified for court or administrative proceedings, check here* . . . . . . . . □

**7**   **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

_____   _____   _____   _____

_____   _____   _____   _____

**8**   **Fee.** There is a $57 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN or EIN and "Form 4506 request" on your check or money order.**

| | | | |
|---|---|---|---|
| **a** | Cost for each return . . . . . . . . | $ | $57.00 |
| **b** | Number of returns requested on line 7 . . . . . . . | | |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . | $ | |

**9**   If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . □

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, **either** husband or wife may sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** *For tax returns being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on line 1a or 2a

**Sign Here**

▶ Signature (see instructions)                Date

▶ Title (if line 1a above is a corporation, partnership, estate, or trust)

▶ Spouse's signature                Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.     Cat. No. 41721E     Form **4506** (Rev. 1-2012)

Section references are to the Internal Revenue Code unless otherwise noted.

## What's New

The IRS has created a page on IRS.gov for information about Form 4506 and its instructions, at *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 60 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and record of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |

## Chart for all other returns

| If you lived in or your business was in: | Mail to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on Lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Products Coordinating Committee
SE:W:CAR:MP:T:M:S
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

# EXHIBIT B-2

Form **4506-T**
(Rev. January 2012)
Department of the Treasury
Internal Revenue Service

# Request for Transcript of Tax Return

► **Request may be rejected if the form is incomplete or illegible.**

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your IRS transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.*

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ►

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . ☐

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 30 calendar days . . ☐

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 30 calendar days . . . . . . . . ☐

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . . ☐

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2010, filed in 2011, will not be available from the IRS until 2012. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 45 days . . ☐

**Caution.** *If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.*

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

Check this box if you have notified the IRS or the IRS has notified you that one of the years for which you are requesting a transcript involved **identity theft** on your federal tax return . . . . . . . . . . . . . . . . . . . . . . . . . . ☐

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, **either** husband or wife must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note.** *For transcripts being sent to a third party, this form must be received within 120 days of the signature date.*

Phone number of taxpayer on line 1a or 2a

**Sign Here**

► Signature (see instructions)                    Date

► Title (if line 1a above is a corporation, partnership, estate, or trust)

► Spouse's signature                    Date

For Privacy Act and Paperwork Reduction Act Notice, see page 2.                    Cat. No. 37667N                    Form **4506-T** (Rev. 1-2012)

Form 4506-T (Rev. 1-2012)

Section references are to the Internal Revenue Code unless otherwise noted.

## What's New

The IRS has created a page on IRS.gov for information about Form 4506-T at *www.irs.gov/form4506.* Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

## General Instructions

**CAUTION.** *Do not sign this form unless all applicable lines have been completed.*

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note.** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Transcript" or call 1-800-908-9946.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | RAIVS Team Stop 6716 AUSC Austin, TX 73301<br><br>512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | RAIVS Team Stop 37106 Fresno, CA 93888<br><br>559-456-5876 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | RAIVS Team Stop 6705 P-6 Kansas City, MO 64999<br><br>816-292-6102 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to the "Internal Revenue Service" at: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409<br><br>801-620-6922 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250<br><br>859-669-3592 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P. O. Box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

*Individuals.* Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include  giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is  subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as  their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10  min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or  suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Products Coordinating Committee
SE:W:CAR:MP:T:M:S
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

# EXHIBIT C

## AUTHORIZATION FOR RELEASE OF EMPLOYMENT RECORDS

TO: _____

   Name of Employer

   _____

   Address, City State and Zip Code

RE:   Employee Name: _____ AKA: _____

   Date of Birth: _____ Social Security Number: _____

   Address: _____

I authorize the disclosure of my employment records including medical information (other than mental, psychological or psychiatric records) protected by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal claim. In order to release records related to a mental, psychological or psychiatric condition; alcohol/drug treatment; or HIV-Related information, there must be a signed Authorization for Release of Health Information Pursuant to HIPPA attached as Exhibit "A" to this authorization. I expressly request that all entities identified above disclose full and complete records including the following:

This will authorize you to furnish copies of all applications for employment; resumes; records of all positions held; job descriptions of positions held; wage and income statements and/or compensation records; wage increases and decreases; performance evaluations, reviews and reports; transfers, statements and comments of fellow employees; all documents relating to discipline including warnings, reprimands, suspensions, terminations, and all other forms of discipline; attendance records; W-2s, worker's compensation files; all medical records (other than mental, psychological or psychiatric records), x-rays and test results; any physical examination records; all documents relating to my absences, illnesses and injuries; any records pertaining to claims made relating to health, disability or accidents in which I was involved including correspondence, reports, claim forms, questionnaires, records of payments made to me or on my behalf; and any other records relating to my employment and/or in my personnel file.

Information about HIV/AIDS and alcohol/substance abuse may be disclosed.

I authorize you to release the information to:

_____

Name (Records Requestor)

_____

Street Address                     City                     State and Zip Code

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. I understand that the entity to which this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

**This authorization expires _____ or at the conclusion of the case, whichever occurs first.**

_____

Signature of Employee or Personal Representative Date Name of Employee or Personal Representative

_____

Description of Personal Representative's Authority to Sign for Employee (attach documents that show authority)

389989 v1

# EXHIBIT D

**AUTHORIZATION FOR RELEASE OF**
## WORKERS' COMPENSATION RECORDS

To:        _____
           Name

           _____
           Address

           _____
           City, State and Zip Code


This will authorize you to furnish copies of any and all workers' compensation records of any sort, including but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____
*Name of Claimant*

whose date of birth is _____ and whose social security number is

_____.


You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requester_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
**City, State and Zip Code**

This authorization does not authorize you to disclose anything other than documents and records to anyone.

Page 1 of 2

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof.  It is expressly understood by the undersigned and you are authorized to accept a copy of photocopy of this authorization with the same validity as through the original had been presented to you.

Date:   _____          _____

Claimant Signature
[*NAME*]


Date:   _____          _____

Witness Signature

# EXHIBIT E

**AUTHORIZATION FOR RELEASE OF**
**DISABILITY CLAIMS RECORDS**

To:

_____
Name

_____
Address

_____
City, State and  Zip Code

This will authorize you to furnish copies of any and all records of disability claims of any sort, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____
*Name of Claimant*

whose date of birth is _____ and whose social security number is

_____

You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requester
_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
 **City, State and Zip Code**

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____       _____

                                           Claimant/Guardian/Personal Representative
                                           Signature
                                           *[NAME]*

Date: _____       _____

                                           Witness Signature

# EXHIBIT F

**AUTHORIZATION FOR RELEASE OF
EDUCATIONAL RECORDS**

To:

_____
Name

_____
Address

_____
City, State and Zip Code

      This will authorize you to furnish copies of all school records including, but not limited to, test results, test scores, report cards, or other school grading material, attendance records, physicals and other health-related information (other than mental, psychological or psychiatric records), including but not limited to any physicians, nursing or allied health professional reports, records or notes, which may be in your possession.   In order to release records related to a mental, psychological or psychiatric condition; alcohol/drug treatment; or HIV-Related Information, there must be a signed Authorization for Release of Health Information Pursuant to HIPPA attached as Exhibit "A" to this authorization.

_____
*Name of Student*

whose date of birth is _____ and whose social security number is

_____

      You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.

_____
**Name of Representative**

Records Requester
_____
**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
**Street Address**

_____
**City, State and Zip Code**

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____          _____
                                         Student
                                         *[NAME]*

Date: _____          _____
                                         Witness Signature

# EXHIBIT G

## AUTHORIZATION FOR RELEASE OF
## INSURANCE RECORDS

To:

_____

Name of Insurer

_____

Address

_____

City, State and Zip Code

      This will authorize you to furnish copies of all documents regarding insurance claims applications and benefits and all medical (other than mental, psychological or psychiatric records), health, hospital, physicians, nursing or allied health professional reports, records, notes or invoices and bills, which may be in your possession. In order to release records related to a mental, psychological or psychiatric condition; alcohol/drug treatment; or HIV-Related Information, there must be a signed Authorization for Release of Health Information Pursuant to HIPPA attached as Exhibit "A" to this authorization.


_____

*Name of Insured*

whose date of birth is _____ and whose social security number is

_____

      You are authorized to release the above records to the following representatives of defendants in the above-entitled matter, who have agreed to pay reasonable charges made by you to supply copies of such records.


_____

**Name of Representative**

Records Requester
_____

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

      This authorization does not authorize you to disclose anything other than documents and records to anyone.

1

This authorization is not valid unless the record requestor named above has executed the acknowledgement at the bottom of this authorization.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Date: _____          _____
                                          Insured
                                          *[NAME]*

Date: _____          _____
                                          Witness Signature

2

# EXHIBIT H

**Federal Disclosure Requirements**
**(required by 42 U.S.C. § 1395y(b)(7) and (b)(8))**


       Starting on January 1, 2010, defendants must report to the federal government certain information about every plaintiff making a personal injury claim. Please complete the following form.

       If you are filling this out in a representative capacity, the information should be for the user of the medication, not yourself.


Full Legal Name:    _____

Date of Birth:    _____

Gender:    _____

Social Security Number:    _____

Health Insurance
Claim Number (HICN):    _____


Are you (or the person taking the medication) eligible to receive Medicare benefits:

Yes    _____

No    _____

If so, on what date did you (or the person taking the medication) become eligible to receive Medicare benefits:

_____